Yuval H. Marcus (YM 5348)
LEASON ELLIS LLP
81 Main Street, Suite 503
White Plains, New York 10601
Phone: (914) 288-0022
marcus@leasonellis.com

*Attorney for Defendant Gary Ptak*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

*PTAK Bros. Jewelry, Inc.*

        Plaintiff,

   v.

*Gary Ptak and G. Ptak LLC*,

        Defendants.

Civil Action No. 1:06-cv-13732

**REPLY IN SUPPORT OF MOTION PURSUANT TO FED.R.CIV.P. 60**

Defendant Gary Ptak ("Defendant"), through *pro bono* counsel, submits this Reply in Support of its motion seeking relief from this Court's judgment of June 1, 2009 (the "Judgment") awarding injunctive relief and monetary damages in favor of Plaintiff PTAK Bros. Jewelry, Inc. ("Plaintiff").[1]

**I.**    **Introduction**

The underlying motion represents a good faith effort to mitigate the impact of a severe judgment on an unsophisticated *pro se* defendant – an objective that is unquestionably consistent with the purpose of Fed.R.Civ.Pro. 60.  It was not, as Plaintiff contends an "unreasonable and vexatious attempt to take back what [Defendant] sold to Plaintiff." *See Dkt. 82 at 9*.  As a preliminary matter, Defendant Ptak did not sell anything to the Plaintiff – rather Plaintiff purchased at auction assets of Defendant's family's co-existing jewelry business. As plainly

---

[1] Citation to docket entries for this proceeding available via the PACER database shall be referenced as "Dkt. __".

1

{YHM\PROBONO\00063898.1}

stated, Defendant does <u>not</u> seek to re-litigate this matter. Defendant merely seeks relief, as a matter of equity, from enforcement of the Judgment until TTAB Cancellation No. 92,048,502 has concluded. *See Dkt. 80 at 2, 8.*

Plaintiff's Response, for the most part, fails to establish why this relief should not be granted. Instead, Plaintiff (as was its prior practice in this action) resorts to discussion of immaterial and irrelevant topics – such as commentary concerning Defendant's counsel – rather than addressing the merits of the issue presented.

## II.     Argument

As an initial matter, the Court should reject the Plaintiff's misleading characterization of the basis of Judge Chin's monetary award as something other than the Lanham Act. *See Dkt. 82 at 1-2 ("The 'linchpin' of Judge Chin's June 1, 2009 Judgment was thus not substantive trademark law, but the extensive willful misconduct by Defendants despite multiple warnings by the Court.").* Judge Chin clearly articulated the legal bases for his judgment. The monetary components of the Judgment, § B (Money Damages) and § C (Attorneys' Fees and Costs), each contained a sub-section labeled "Applicable Law" that specifically – and solely – identified Lanham Act provisions as the bases for each award. Indeed, each of those sub-sections was immediately followed by a second sub-section labeled "Application" that detailed Judge Chin's calculation of those awards utilizing the prior cited Lanham Act provisions. To argue, as Plaintiff does here, that Judge Chin awarded Plaintiff $363,369 in sanctions against a *pro se* defendant for litigation misconduct simply misrepresents a very detailed record to the contrary. The 'linchpin' of the Judgment was Plaintiff's purported rights to exclude others, including Defendant, from use of the PTAK trademark as governed by the Lanham Act. Any argument to the contrary is simply misguided and meritless.

Second, Plaintiff argues that the issue of its unclean hands was previously considered and resolved by Judge Chin in Plaintiff's favor in this action. *Id. at 8*. (*"Judge Chin evaluated Plaintiff's unregistered, common law trademark rights. His findings of fact and conclusions of law clearly show there could be no fraud in Plaintiff's federal trademark application."*). Not surprisingly, this is the exact same argument that has already been fully briefed and considered by the TTAB – and soundly <u>rejected</u>. *See Exhibit 1 to Dkt. 80, TTAB Order of January 13, 2010, at 10*. Indeed, Judge Chin made no such "evaluation" and this issue was not even remotely litigated on the merits. As Plaintiff well knows, Judge Chin tired of Defendant's ill-advised attempts to litigate this matter without being equipped to do so, both practically and financially. *See Dkt. 59 at 22*. He thereafter resolved this case in Plaintiff's favor pursuant to Fed.R.Civ.P. 37 and 41 and found Defendant in default. *See Dkt. 59*. To argue, as Plaintiff does here, that Judge Chin considered Plaintiff's unclean hands when Defendants were not permitted to develop any defense whatsoever is simply disingenuous. Judge Chin did not even remotely "evaluate" whether Plaintiff fraudulently sought and obtained trademark rights from the PTO relating to the PTAK mark. Accordingly, no tribunal has determined whether Plaintiff intentionally misrepresented the extent of its trademark rights to the PTO in order to obtain federal registration of those rights under the Lanham Act. Thus, any argument that Defendant is simply seeking to re-litigate any issue previously decided is not consistent with the record.

Third, Plaintiff argues that Defendant's motion is untimely pursuant to Fed.R.Civ.P. 60(c). *See Dkt. 82 at 6-7*. As a preliminary matter, Rule 60(b) does permit the filing of a motion more than one year after entry of a judgment in certain circumstances. *See e.g., Fed.R.Civ.P. 60(b)(4-6)*. Further, Defendant successfully moved to re-open within the one year period prescribed by Rule 60(c) on June 1, 2010. *Dkt. 76*. However, due to Judge Chin's ascension, no judge was assigned the case. The Clerk of Court assigned a new judge on June 2, 2010. *Dkt. 77*.

3

Counsel for Defendant thereafter reviewed the Chamber rules for the newly assigned judge (particularly motion practice protocols) and filed the instant motion on June 3, 2010. *Dkt. 78*. Nevertheless, the request to re-open this matter and file the instant motion substantially outlined the merits of the instant motion. *Dkt. 76*. Its timely filing, within the time allotted under Rule 60(c), should reasonably operate to toll the deadline.

Fourth, Plaintiff argues that Defendant somehow has no standing to seek the requested relief because the instant motion was filed on behalf of Defendant Gary Ptak alone, while the TTAB proceedings were filed on behalf Defendant G. Ptak, LLC. *See Dkt. 82 at 7-8*. This standing argument is a *non-sequitur*. The Judgment was entered against both Defendants, any unlawful conduct by Plaintiff that may affect the nature or enforcement of that Judgment entitles both defendants to seek relief under Fed.R.Civ.P. 60. Accordingly, this argument has no merit.

Finally, Plaintiff argues that Defendant's motion is somehow premised on Plaintiff's federal trademark registration. *See Dkt. 82 at 8*. It is not and Plaintiff's argument here is again little more than Plaintiff's mischaracterization of the issue. Plaintiff's contention that this motion should be denied solely because Judge Chin did not rely on Plaintiff's trademark registration when rendering the Judgment is also unavailing.

The issue here is simple: if Plaintiff made identical representations to this Court <u>and</u> the USPTO concerning Plaintiff's alleged exclusive trademark rights – and the TTAB determines the representations made to the USPTO were intentionally fraudulent – then Plaintiff necessarily came to this Court with unclean hands which reasonably contributed to an inequitable award of Lanham Act relief as contained within the Judgment. Mischaracterizations of counsel aside, if Judge Chin unwittingly relied on intentionally fraudulent representations of fact, the "principles of equity" cited by the Judgment mandate delaying enforcement until the integrity of the Judgment is no longer in doubt.

**III.     Conclusion**

Plaintiff does not identify any valid reason why the Court should not, as a matter of equity, grant relief pursuant to Rule 60(b) staying enforcement of the Judgment.  Accordingly, the Court should prevent enforcement of a judgment whose "linchpin" has been potentially compromised until TTAB Cancellation No. 92,048,502 has concluded.

DATED:  June 25, 2010              Respectfully submitted,
         White Plains, New York

_____
Yuval H. Marcus (YM 5348)
LEASON ELLIS LLP
81 Main Street, Suite 503
White Plains, New York 10601
Phone: (914) 288-0022
marcus@leasonellis.com

*Attorney for Defendant Gary Ptak*

5

{YHM\PROBONO\00063898.1}

## CERTIFICATE OF SERVICE
## FOR DOCUMENT FILED USING SDNY CM/ECF

I hereby certify that on June 25, 2010, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of New York by using its CM/ECF system. I certify that the following counsel of record for Plaintiff are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

> John Robert Mugno
> Law Offices of John R. Mugno
> 350 Broadway - 10th Floor
> New York , NY 10013
> (212)-925-3474
> Fax: (212)-925-3665
> Email: johnmugno@aol.com
>
> Daniel L. Kegan
> Kegan & Kegan, Ltd
> 79 W Monroe St #1320
> Chicago , IL 60603
> (312)-782-6495
> Fax: (312)-782-6494
> Email: daniel@keganlaw.com

> _____
> Yuval H. Marcus (YM 5348)
> LEASON ELLIS LLP
> 81 Main Street, Suite 503
> White Plains, New York 10601
> Phone: (914) 288-0022
> marcus@leasonellis.com
>
> *Attorney for Defendant Gary Ptak*

{YHM\PROBONO\00063898.1}